FILED

MAY 3 0 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S1-4:18 CR 82 AGF/PLC ) |
| WILLIAM TIMOTHY HOPMEIER, and KAYLA CHRISTIE BRIDGES, | ) ) ) ) ) |
| Defendants. | ) |

## SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term:

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(a));

    (b) "sexually explicit conduct" to mean actual or simulated

        (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex,

        (ii) bestiality,

        (iii) masturbation,

1

    (iv)  sadistic or masochistic abuse, or

    (v)  lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A)); and

  (c)  "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6)).

  (d)  "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

    (A)  the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

    (C)  such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

2.  The "Internet" was, and is, a computer communications network using interstate and foreign telephone lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3.  From on or about July 1, 2017, to on or about January 31, 2018, in the Eastern District of Missouri, and elsewhere,

2

**WILLIAM TIMOTHY HOPMEIER**

and

**KAYLA CHRISTIE BRIDGES,**

the defendants herein, did knowingly employ, use, persuade, induce, entice, and coerce two minor females, C.S., and C.C., to engage in sexually explicit conduct, including, but not limited to C.S. and C.C. engaging in oral sex while BRIDGES performed oral sex on HOPMEIER, C.C. engaged in oral sex with HOPMEIER, C.C. engaged in sexual intercourse with HOPMEIER, all of which occurred while HOPMEIER and BRIDGES, acting together, video recorded the sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced using materials that had been mailed, shipped, or transported in interstate and foreign commerce, i.e., an iPhone,

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

**COUNT II**

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. From on or about June 12, 2017, to on or about June 17, 2017, in the Eastern District of Missouri, and elsewhere,

**WILLIAM TIMOTHY HOPMEIER,**

the defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce C.S., a minor female, to engage in sexually explicit conduct, including, but not limited to C.S. performing oral sex and sexual intercourse with HOPMEIER, while HOPMEIER video recorded

3

the sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced using materials that had been mailed, shipped, or transported in interstate and foreign commerce, i.e., an iPhone,

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

a. Pursuant to Title 18, United States Code, Sections 2253(a), upon conviction of an offense in violation of Title 18, United States Code, Section 2251 as set forth in Counts I and Count II of the Indictment, the Defendant William Timothy Hopmeier shall forfeit to the United States of America the following: any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

b. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense.

c. Specific property subject to forfeiture includes, but is not limited to, real property located at 1115 Bopp Road, Des Peres, Missouri 63131, Parcel No: 22N420382, bearing a legal description as follows: Lot 19 of Gentle Hills Estates Plat No. 1, a subdivision in St.

Louis County, Missouri, according to the plat thereof recorded in Plat Book 82 Page 38 of the St. Louis County Records.

d.  If any of the property described above, as a result of any act or omission of the defendant:

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred or sold to, or deposited with, a third party;

    iii. has been placed beyond the jurisdiction of the court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
ROBERT F. LIVERGOOD, #35432MO
Assistant United States Attorney