UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:18 CR 82 AGF-1 |
| | ) | |
| WILLIAM TIMOTHY HOPMEIER, and | ) | |
| | ) | |
| KAYLA CHRISTIE BRIDGES, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION IN LIMINE**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorney for said District, and files this Motion in Limine to exclude evidence, argument or examination concerning the following:

1.    Rape Shield

The Government moves the Court to exclude evidence, argument or examination related to the sexual behavior of the victims.

Federal Rule of Evidence 412 prohibits "evidence offered to prove that any alleged victim engaged in other sexual behavior" and "evidence offered to prove any alleged victim's sexual predisposition" unless one of the few exceptions to the general rule of exclusion apply, and the defendant provides written notice of an intention to offer evidence under one of these exceptions. Fed. R. Evid. 412; *see also United States v. Provost*, 875 F.2d 172, 177 (8th Cir. 1989). The defendants must "file a written motion at least 14 days before trial specifically

1

describing the evidence and stating the purpose for which it is offered." Fed. R. Evid. 412(c)(1)(A). If the defendants do file written notice, the defendants must indicate in the notice which of the three exceptions he claims applies. Fed. R. Evid. 412(b)(1). None of the exceptions apply here.

The first exception involves "evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence." Fed. R. Evid. 412(b)(1)(A). In the instant case, the Government does not intend to introduce evidence of semen or physical injury to the victims. If there is no semen, injury or other physical evidence introduced, any evidence presented by the defendant cannot be offered to dispute its source. *See* generally *United States v. White Buffalo*, 84 F.3d 1052, 1054 (8th Cir. 1996) (holding that the defendant cannot rely on this exception when the Government did not introduce any evidence about the victim's past sexual behavior or the presence of semen in the victim).

The defendants cannot rely on the second exception, which allows evidence of specific instances of sexual behavior by the alleged victim to prove consent, because consent is not a defense to the charge in this case. Fed. R. Evid. 412(b)(1)(B).

 Finally, the exclusion of this evidence will not violate the constitutional rights of the defendant, thus eliminating the third exception as a possible avenue to admit this evidence.   Fed. R. Evid. 412(b)(1)(C). The purpose of Rule 412 is "to protect the alleged victims of sexual assault from harassment or embarrassment." *United States v. Bordeaux*, 400 F.3d 548, 558 (8th Cir. 2005). Evidence of the victims' sexual behavior would be a clear violation of this purpose. *See* generally *Provost*, 875 F.2d at 178, relying on a Sixth Circuit case, *United States v.*

2

*Cardinal*, 782 F.2d 34 (6th Cir. 1986), cert. denied, 476 U.S. 1161 (1986), which held that it was not reversible error to exclude evidence that the victim had reported other accusations of sexual assault by family members because the evidence of a prior allegation of sexual assault "was inseparable from evidence of the victim's past sexual behavior which the Rule was designed to exclude."); *see also United States v. Hitt*, 473 F.3d 146, 157 (5th Cir. 2006) ("Other circuits have held that evidence of prior sex acts of alleged victims of a sexual assault can be excluded without violating the Sixth Amendment when defendants seek to introduce such evidence to impeach the victim or to otherwise diminish the victim's credibility. . .   We hold that the district court did not violate the Confrontation Clause by limiting the cross-examination of [the victim].").

"In the absence of an applicable exception, Rule 412 'specifically bars admission of evidence of the past sexual behavior of [a victim].'" *White Buffalo*, 84 F.3d at 1054, quoting *United States v. Blue Horse*, 856 F.2d 1037, 1040 (8th Cir. 1988). In White Buffalo, the Eighth Circuit upheld the exclusion of evidence of the victim's past sexual behavior because the evidence did not fall under one of the exceptions of Rule 412. *White Buffalo*, 84 F.3d at 1054. The defendant attempted to use the evidence to impeach the victim's truthfulness and to show her capability to fabricate a story about the sexual offense, but the court held that neither purpose was a recognized exception to the rule.   *Id*.

In *United States v. Bordeaux*, 400 F.3d 548 (8th Cir. 2005), the Eighth Circuit held that the child victim's statement about another person who had done "bad things to her" was excludable as "other sexual evidence."   *Id*. at 558-59 ("To the extent one understands the statement to refer to sexual conduct, it triggers Rule 412's general prohibition against the introduction of evidence of an alleged abuse victim's past sexual conduct."). The defendant

argued that the victim's statement "supported the inference that someone other than the defendant might have been the source of [the victim]'s sexual knowledge," and therefore, violated his constitutional right to a fair trial and Rule 412(b)(1)(C). *Id.* at 558. The court rejected this argument because the Rule and the exclusion of this evidence serves an important purpose-to protect the victim-and admitting the statement provides minimal probative value regarding the defendant's guilt. *Id.* at 559-60.

Similarly, in *United States v. Tail*, 459 F.3d 854, 861 (8th Cir. 2006), the Eighth Circuit held that evidence that had minimal probative value, particularly when unrelated to the charged conduct, was properly excluded under the Rape Shield Law. *Id*. at 860. The defendant intended to use the evidence as part of an attack on the "general credibility" of the witness, but "impeaching a witness's character for truthfulness is not a recognized exception to Rule 412's general prohibition on evidence of sexual history." *Id*. at 859-60. Furthermore, the evidence was excluded whether or not it was true because "[a]dmission of this evidence would have triggered mini-trials concerning allegations unrelated to Tail's case, and thus increased the danger of jury confusion and speculation."   *Id*. at 861.

For the foregoing reasons, the Government respectfully requests that the Court exclude any evidence regarding the victims' sexual behavior.

2.   Alternate Perpetrator

The Government moves the Court to exclude evidence, argument or examination related the possibility of an alternate perpetrator. The possibility of an alternate perpetrator is inadmissible unless the defense can demonstrate a direct link between the suspect and the crime. It is inadmissible if all defendants can do is rely on hearsay or cast bare suspicion on a third

party. *See United States v. DeNoyer*, 811 F.2d 436, 440 ( 8th Cir. 1987) (Evidence of alternate perpetrator was properly excluded where the evidence was remote and speculative.).

       3.    <u>Defendants' out-of-Court Exculpatory Statements</u>

The Government moves the Court to exclude evidence, argument or examination related to defendants' out-of-court exculpatory statements. Out-of-court statements of the defendants offered to prove the truth of the matter asserted are hearsay. *United States v. Esparza*, 291 F.3d 1052, 1054 (8th Cir. 2002) (Exculpatory statement of defendant properly excluded as hearsay).

       4.    <u>Prior Bad Acts of Witnesses</u>

The Government moves the Court to exclude evidence, argument or examination related prior bad acts of witnesses. Rule 404(b) prohibits the use of other crimes, wrongs, or acts except in some circumstances but only where reasonable notice has been given. The defendant has failed to provide any notice of his intention to offer prior bad acts evidence and should therefore be prohibited from doing so. In particular, the Government seeks to prohibit any evidence or argument regarding defendant's allegation that one of the investigating officers was removed from a school for trying to date teachers and that there were alleged sexual harassment charges made against the officer. *Cf. United States v. Cook*, 311 Fed.Appx. 936, 938 (8th Cir. 2009) ("[T]he court did not abuse its discretion in granting the government's motion in limine to exclude evidence regarding allegations—which were inchoate at the time of Cook's trial—of unrelated wrongdoing by a police officer who had been involved in the investigation of Cook and the search that led to Cook's arrest.").

5.      <u>Motion to Exclude Witnesses Other Than the Case Agent</u>

The Government requests that any witnesses for the defense be excluded from the courtroom during opening statements and while other witnesses are testifying.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Government respectfully requests that the Court grant its Motion in Limine.

Respectfully submitted,

JEFFREY B. JENSEN
Acting United States Attorney


<u>/s/ Robert F. Livergood</u>
ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2018, the foregoing was filed electronically with the Clerk of

the Court to be served by operation of the Court's electronic filing system upon the following:

      Mr. Gregory N. Smith
      Attorney for the Defendant Hopmeier,

      And

      Ms. Teneil L. Kellerman,
      Attorney for Defendant Bridges.

                          */s/ Robert F. Livergood*
                          ROBERT F. LIVERGOOD, 35432MO
                          Assistant United States Attorney